UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JERMAINE NATHANIEL GLYNN,

Plaintiff,

-against-

DAVID SPLANE, et al.,

Defendants.

26-CV-3156 (GBD)

ORDER OF DISMISSAL

---

GEORGE B. DANIELS, United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims against "The People of the Christian Congregation of Jehovah's Witness," and individuals identified as "members of the governing body." By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special

solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from the complaint.[1]  Plaintiff Jermaine Nathaniel Glynn invokes the Court's federal question jurisdiction and asserts violations of the Fifth Amendment to the U.S. Constitution. The complaint does not provide factual narrative of specific events or dates. Plaintiff alleges that he was defamed, "bloodily assaulted," deprived of "life, liberty and property," and "attemptedly murdered," but provides no details on when, where, or by whom. (ECF 1 at 6.)

> Plaintiff asserts that he
>
> shall not be held to answer for a capital or otherwise infamous crime unless on presentment or indictment of a grand jury nor shall Jermaine Nathaniel Glynn be subject for the same offense to be twice put in jeopardy of life or limb nor shall Jermaine Nathaniel Glynn be compelled in any criminal case to be a witness against himself.

(*Id.* at 7.)

Plaintiff brings this action against David Splane, Mark Sanderson, Stephen Lett, Samuel Herd, and "the People of the Christian Congregation of Jehovah's Witnesses," seeking mandatory restitution of two billion dollars.

## DISCUSSION

### A.    Private Parties

Plaintiff asserts claims under the Fifth Amendment, and the Court therefore liberally

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

construes Plaintiff's allegations as bringing a claim under 42 U.S.C. § 1983. To plead such a claim, plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Because a claim for relief under § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983, private parties are not generally liable under the statute, *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants are all private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against Defendants under § 1983. Plaintiff's § 1983 claims for alleged violations of his rights under the Fifth Amendment are therefore dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.   Leave to Amend

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). A court nevertheless has inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly

3

insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

In his complaint, Plaintiff alleges that he is entitled to certain procedural protections for a "capital or otherwise infamous crime." (ECF 1 at 6.) Because granting Plaintiff leave to amend to replead such a speculative claim would be futile, the Court declines to do so.

## C.    Warning

In addition to this action, Plaintiff has filed several additional actions in this court in the past week that have been dismissed as frivolous. *See, e.g., Glynn v. Wilson*, No. 26-CV-3155 (GBD) (S.D.N.Y. filed Apr. 16, 2026); *Glynn v. Roberts*, No. 26-CV-3074 (GBD) (S.D.N.Y. filed Apr. 15, 2026). The Court warns Plaintiff that repeated vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions IFP unless he receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court warns Plaintiff that bringing vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    APR 2 1 2026
New York, New York

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4